1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEROY WILLIS II,                              No.  2:14-cv-0573 AC

12                   Plaintiff,

13         v.                                       ORDER

14    JEFFREY BEARD, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner housed in Los Angeles County and proceeding pro se, seeks

18    relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to

19    proceed in forma pauperis.  Plaintiff filed his complaint in the Northern District on November 20,

20    2013.  ECF No. 1.  The case was transferred in to the Eastern District on February 27, 2014.  ECF

21    No. 10.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

22    636(b)(1).  Plaintiff's consent to the jurisdiction of the undersigned was filed on March 17, 2014.

23    ECF No. 13.

24         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

26         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6   1915(b)(2).

7        The court is required to screen complaints brought by prisoners seeking relief against a

8   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19       A complaint must contain more than a "formulaic recitation of the elements of a cause of

20  action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

22  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

23  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

24  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

25  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

26  566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

27  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

28  that the defendant is liable for the misconduct alleged."  Id.

1    In reviewing a complaint under this standard, the court must accept as true the allegations

2    of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

3    (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

4    the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

5    Plaintiff names six defendants in his case caption: Jeffrey Beard, CDCR[1] Secretary;

6    Warden Brian Duffy; Sergeant Spencer and C/O (Correctional Officer) Ornales identified as ISU-

7    CMF[2]; J.D. Lozano, Chief of [Inmate] Appeals and D. Artis, CMF Appeal Examiner.  However,

8    in his abbreviated allegations, plaintiff broadly alleges that "all six defendants" on or about

9    September 25, 2012 were deliberately indifferent to plaintiff's [right] to be "free from torture and

10   cruel and unusual punishment" when he was placed in administrative segregation ("Ad Seg")

11   based on a serious rules violation report ("RVR") for a violation he contends he did not commit.

12   Plaintiff claims that the RVR was premised "on conjecture and a[n] unlicensed handwriting

13   expert alleged by C/O Spencer[,] et al. [sic]."  Plaintiff alleges he was kept in Ad Seg for an entire

14   year, but also asserts that he was released from Ad Seg on December 25, 2012.  Plaintiff alleges

15   that his earliest possible release date was extended because of the deliberate indifference of the

16   defendants.  As relief, plaintiff seeks one million two hundred thousand dollars in compensatory

17   damages.  Plaintiff also seeks punitive damages as well as an injunctive relief in the form of

18   having his March 24, 2015 early release date (by which he means his minimum eligible parole

19   release date) restored.  See Complaint, ECF No. 1 at 3.

20   Plaintiff references only one defendant, Spencer, by name in the body of the complaint.

21   Plaintiff fails to articulate a coherent claim against Spencer.  Plaintiff also asserts he was held in

22   Ad Seg for a year but provides dates indicating he was released from Ad Seg after three months.

23   Plaintiff's vague, conclusory and generalized allegations fail altogether to comply with Rule 8 of

24   the Federal Rules of Civil Procedure which requires "sufficient allegations to put defendants

25   fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir.

26

27   [1] California Department of Corrections and Rehabilitation.

28   [2] Presumably by this designation, plaintiff means these two defendants are employed by CDCR at
California Medical Facility-Vacaville in the [gang] Investigative Services Unit.

3

1991) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal

Practice and Procedure § 1202 (2d ed. 1990)).  Although the Federal Rules adopt a flexible

pleading policy, a complaint must provide fair notice and state the elements of the claim plainly

and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

"Plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support plaintiff's claim."  <u>Id.</u> (internal citation/quotation marks omitted).

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

In addition, as to all defendants except Spencer, plaintiff makes no specific allegations.

Plaintiff is informed that the Civil Rights Act under which this action was filed provides as

follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

<u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits

to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, as to defendants Secretary Beard and Warden Duffy, supervisory personnel are

generally not liable under § 1983 for the actions of their employees under a theory of respondeat

superior and, therefore, when a named defendant holds a supervisorial position, the causal link

between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v.</u>

<u>Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir.

1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the

involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of</u>

4

1   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2          Plaintiff evidently seeks to implicate defendants Lozano and Artis solely for their

3   involvement in the administrative grievance process, although he makes no specific allegations

4   against these defendants.  Plaintiff is informed that prisoners do not have a "separate

5   constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d

6   850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the

7   non-existence of, or the failure of prison officials to properly implement, an administrative

8   appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams,

9   855 F.2d at 640.  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba,

10  932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A

11  prison] grievance procedure is a procedural right only, it does not confer any substantive right

12  upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the

13  procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to

14  process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations

15  give rise to a liberty interest protected by the Due Process Clause of the federal constitution only

16  if those regulations pertain to "freedom from restraint" that "imposes atypical and significant

17  hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

18  U.S. 472, 484 (1995).[3]

19         To the extent plaintiff seeks restoration of his prior MEPD or restoration of time credits,

20  he must proceed by way of a habeas petition pursuant to 28 U.S.C. § 2254.  "Challenges to the

21  validity of any confinement or to particulars affecting its duration are the province of habeas

22  corpus . . . ."  Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam) (citing Preiser v.

23

24  _____

    [3] "[W]e recognize that States may under certain circumstances create liberty interests which are
25  protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S. 369 [](1987).
    But these interests will be generally limited to freedom from restraint which, while not exceeding
26  the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause
    of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493 [] (transfer to mental hospital), and
27  Washington[ v. Harper], 494 U.S. 210, 221- 222 [] (involuntary administration of psychotropic
    drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
28  ordinary incidents of prison life."  Sandin v. Conner, supra.

1  Rodriguez, 411 U.S. 475, 500 (1973).

2         If plaintiff is seeking money damages for harm caused him by an allegedly

3  unconstitutional disciplinary hearing or conviction, he is foreclosed from doing so by Heck v.

4  Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that when a

5  state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment

6  in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  If it

7  would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

8  sentence has already been invalidated.  Id. at 487.  In Edwards v. Balisok, 520 U.S. 641(1997),

9  the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the

10  nature of the challenge to the procedures could be such as necessarily to imply the invalidity of

11  the judgment.  For all these reasons, the complaint is dismissed but plaintiff is granted leave to

12  amend.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

15  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

16  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

17  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

19  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

21  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

23  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24  complaint be complete in itself without reference to any prior pleading.  This is because, as a

25  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28

1    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2    <u>Motion to Appoint Counsel</u>

3           Plaintiff has requested appointment of counsel.

4           The United States Supreme Court has ruled that district courts lack authority to require

5    counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490

6    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

7    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d

8    1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9           The test for exceptional circumstances requires the court to evaluate the plaintiff's

10   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

11   light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

12   1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

13   common to most prisoners, such as lack of legal education and limited law library access, do not

14   establish exceptional circumstances that would warrant a request for voluntary assistance of

15   counsel.  In addition, because the complaint is being dismissed, the court cannot evaluate

16   plaintiff's likelihood of success on the merits.  In the present case, the court does not find the

17   required exceptional circumstances.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

22   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23   Director of the California Department of Corrections and Rehabilitation filed concurrently

24   herewith.

25          3.  The complaint is dismissed for the reasons discussed above, with leave to file an

26   amended complaint within twenty-eight days from the date of service of this order.  Failure to file

27   an amended complaint will result in a recommendation that the action be dismissed.

28   ////

4.  Plaintiff's request for the appointment of counsel, ECF No. 8, is denied.

DATED: April 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE