UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS II,<br><br>          Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>          Defendants. | No. 2:14-cv-0573 AC<br><br><br>ORDER |

Plaintiff, a state prisoner housed in Los Angeles County and proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 13. By order filed on April 14, 2014, plaintiff's complaint was dismissed with leave to amend within twenty-eight days. ECF No. 14. Plaintiff timely filed an amended complaint. ECF No. 17.

Screening Requirement

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.
8    A complaint must contain more than a "formulaic recitation of the elements of a cause of
9    action;" it must contain factual allegations sufficient to "raise a right to relief above the
10   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
11   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
12   a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
13   Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
14   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
15   566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility
16   when the plaintiff pleads factual content that allows the court to draw the reasonable inference
17   that the defendant is liable for the misconduct alleged." Id.
18   In reviewing a complaint under this standard, the court must accept as true the allegations
19   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
20   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
21   the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).
22       Plaintiff's Allegations
23   Plaintiff names a single defendant in his amended complaint, Correctional Sergeant
24   Spencer of the California Medical Facility-Vacaville (CMF). Plaintiff accuses defendant Spencer
25   of having "assaulted [him] with malice," of having been deliberately indifferent to plaintiff's right
26   to be free from cruel and unusual punishment by acting "under color [sic] with malice" and of
27   having deliberately "caused" plaintiff "mental anguish" by having "assaulted [plaintiff's brain
28   body [sic] by locking him up for no reason in inhumane ad seg for 12 months." Plaintiff also

claims that defendant Spencer "typed up lies" and "fabricated [a] story" which led to his administrative segregation ("ad seg") placement. Amended Complaint, ECF No. 17, at 1-2.

Plaintiff goes on to allege that he was "tortured" by being "forced to live in ad seg" as the result of defendant Spencer's deliberate indifference. Plaintiff refers to having suffered mental anguish which caused "head trauma" and a "constant headache," because Sgt. Spence fabricated a story that plaintiff's handwriting matched that found on notes in the mail threatening a Dr. Soares (not a party). Plaintiff asserts that defendant Spencer is not a licensed handwriting expert. Plaintiff claims he was denied the right to call a handwriting expert at his hearing, citing Wolff v. McDonell, 418 U.S. 539, 566 (1974). Plaintiff claims he should have been released from ad seg on December 25, 2012 but was kept there until September 17, 2013. Plaintiff also claims that the ICC (institutional classification committee) at CMF (no member of which had been identified as a defendant) kept him in isolation for twelve months. Id. at 3-4. Plaintiff seeks money damages and asks that the defendant be enjoined from harming him for filing this complaint. Id. At 7.

No Injunctive Relief Available

Plaintiff, who complains of an incident at CMF-Vacaville, is currently housed in California State Prison-Lancaster. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, any claim for injunctive relief against the CMF defendant has been rendered moot.

No Colorable Claim Regarding Allegedly False Report

Plaintiff's allegation that a false report was submitted against him does not implicate any protected liberty interest. "The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations." Shallowhorn v. Gonzalez, 1:11-CV-00305-GBC PC, 2012 WL 1551342 (E.D. Cal. Apr. 30, 2012) aff'd, 514 F. App'x 660 (9th Cir. 2013) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.1986); see also, Hanrahan v. Lane, 747 F.2d 1137, 1140 41 (7th Cir.1984) (allegation that prison guard planted false evidence in retaliation for

3

prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided). Notwithstanding, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556.

A prisoner charged with a disciplinary violation is, at most, entitled to certain due process protections which include 24-hour advance written notice of the charges, the right "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," and a written statement of the findings. Wolff, 418 U.S. at 564-566. Plaintiff makes no representation that he was denied any of these procedural protections, except to state that he was denied a witness in the form of a handwriting expert. Plaintiff's exhibits make it clear that he protested the finding of guilt at a prison disciplinary hearing. See, e.g., ECF No. 17 at 8. Due process did not require that plaintiff be provided an independent handwriting expert at his disciplinary hearing. His right to procedural due process was satisfied by the disciplinary hearing, assuming he was afforded the opportunity to challenge defendant Spencer's rules violation report, and by his appeal from the administrative decision. The first amended complaint will be dismissed but plaintiff will be granted leave to amend.

Ad Seg Placement

*Due Process*

Plaintiff's ad seg placement, which allegedly occurred as the result of a false disciplinary report and was thereafter improperly extended, does not of itself implicate due process. "Placement in administrative segregation, in and of itself, does not implicate a protected liberty interest." Keel v. Dovey, 459 F. Supp. 2d 946, 953 (C.D. Cal. 2006) (citing, e.g., Sandin v. Conner, 515 U.S. 472, 486 (1995)). State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484.

Following Wolff, we recognize that States may under certain

4

> circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369[] (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek [v. Jones], 445 U.S., [480] at 493 [1980] (transfer to mental hospital), and Washington [v. Harper], 494 U.S., [210] at 221-222[1990] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 483-84.

*Eighth Amendment*

The Eighth Amendment prohibits cruel and unusual punishment of those criminally convicted. U.S. Const, Amendment VIII. To demonstrate that defendant Spencer violated his Eighth Amendment rights, plaintiff must first "make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation. Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'" Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "'Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992) (omitting internal quotations and citations)). Plaintiff has alleged that defendant Spencer fabricated a false report against him that led to his ad seg placement, but plaintiff has not alleged any deprivation that is sufficiently serious to rise to the level of an Eighth Amendment violation. The first amended complaint will be dismissed but plaintiff will be granted one further opportunity to amend.

Application of *Heck*

Plaintiff was previously informed that he is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994), from seeking money damages for harm caused him by an allegedly unconstitutional disciplinary hearing or conviction absent showing that the finding of guilt has been invalidated. In Heck, the United States Supreme Court held that when a state prisoner seeks damages in a §

1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. In Edwards v. Balisok, 520 U.S. 641(1997), the Supreme Court held that Heck applies to challenges to prison disciplinary hearings when the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

However, if plaintiff was not assessed a loss of time credits at the disciplinary hearing and is simply challenging his ad seg placement rather than seeking a restoration of time credits, he could not proceed to challenge the guilty finding by way of a habeas petition.[1] Heck is not applicable in this context.

> [N]othing in Preiser, Heck, or Edwards holds that prisoners challenging the conditions of their confinement are automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas corpus. Rather, the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that *affected the length of the prisoner's confinement.*

Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added); id. at 858 (holding "that the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement.").

Plaintiff includes as an exhibit to his complaint a September 20, 2013 memorandum from CMF Acting Warden Duffy. ECF No. 17 at 12. In the memo, Warden Duffy references plaintiff's August 21, 2013 ICC hearing to address the CSR's unspecified concerns related to plaintiff's ad seg housing and (then pending) transfer from CMF. Id. The warden states that the CSR had reviewed the recommendation of the ICC on August 21, 2013 and had "noted the classification errors referenced in the July 31, 2013 ICC action were corrected.. . ." and that plaintiff had been endorsed for transfer to CSP-Lac on September 3, 2013 and was transferred on September 19, 2013. This documentation does not demonstrate that the guilty finding at the

---

[1] "[T]he heart of habeas corpus" is a challenge to "the fact or duration of [a prisoner's] physical confinement itself . . . ." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

prison disciplinary hearing at issue had ever been invalidated. However, if plaintiff was not assessed a loss of good time credits and seeks no such restoration here, Heck does not bar plaintiff's action in this court.

### Amendment

If plaintiff chooses to amend the amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original or previously amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original or earlier amended pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in a prior version of the complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the first amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this order. Failure to file a second amended complaint will result in dismissal of this action.

DATED: October 7, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7