UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY WILLIS, | No. 2:14-cv-0573 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner, currently incarcerated at the California Health Care Facility (CHCF) operated by the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. §636(c) and Local Rule 305(a). See ECF No. 13.

Presently pending for the court's review is plaintiff's Second Amended Complaint (SAC), filed October 29, 2014. See ECF No. 20. The court carefully reviewed plaintiff's original complaint and First Amended Complaint, informed plaintiff of the deficiencies in those complaints, and accorded plaintiff leave to file a further amended complaint. See ECF Nos. 14, 19. For the reasons set forth below, the court finds that the SAC fails to state a cognizable claim for relief and therefore dismisses this action without prejudice.

II.     Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A (b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.    Screening of Second Amended Complaint

In his two-page SAC, ECF No. 20, plaintiff alleges that, during his incarceration at California Medical Facility (CMF), defendant Sergeant Spencer falsely accused plaintiff of

2

writing a note that threatened Dr. Soares, a CMF physician. As a result, plaintiff was placed in administrative segregation (ad seg), which plaintiff found emotionally distressing. Plaintiff alleges that the placement was torture, causing plaintiff post-traumatic stress disorder, nightmares, and repeated head banging. The SAC contends that defendant Spencer violated plaintiff's civil rights through his deliberate indifference to plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Although the SAC does not identify plaintiff's claims for relief, he previously sought damages and injunctive relief.

The SAC fails to cure the deficiencies of plaintiff's First Amended Complaint (FAC). In dismissing that complaint with leave to amend, the court found that plaintiff had asserted no viable ground for challenging his ad seg placement or the finding that he was guilty of the underlying Rules Violation Report (RVR) premised on the Soares note. The court noted that the alleged false report by defendant Spencer did not implicate a protected liberty interest,[1] largely because plaintiff's "right to procedural due process was satisfied by the disciplinary hearing, assuming he was afforded the opportunity to challenge defendant Spencer's rules violation report, and by his appeal from the administrative decision."[2] ECF No. 19 at 4. Similarly, the court

---

[1] As noted by the court, ECF No. 19 at 3-4:

> Plaintiff's allegation that a false report was submitted against him does not implicate any protected liberty interest. "The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations." Shallowhorn v. Gonzalez, 1:11-CV-00305-GBC PC, 2012 WL 1551342 (E.D. Cal. Apr. 30, 2012) aff'd, 514 F. App'x 660 (9th Cir. 2013) (citing Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir.1986); see also, Hanrahan v. Lane, 747 F.2d 1137, 1140 41 (7th Cir. 1984) (allegation that prison guard planted false evidence in retaliation for prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided).

[2] The court noted, ECF No. 19 at 4:

> A prisoner charged with a disciplinary violation is, at most, entitled to certain due process protections which include 24-hour advance written notice of the charges, the right "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," and a written statement of the findings. Wolff

(continued…)

3

found that "[p]laintiff's ad seg placement, which allegedly occurred as the result of a false disciplinary report and was thereafter improperly extended, does not of itself implicate due process."[3] Id. at 4.  The court also found that, although plaintiff alleged that defendant Spencer fabricated a false report against him that led to his ad seg placement, "plaintiff has not alleged any deprivation that is sufficiently serious to rise to the level of an Eighth Amendment violation."[4] Id. at 5.  Placement in segregated housing for disciplinary reasons is constitutional, provided the prisoner is provided with the basic necessities, including "food, clothing, shelter, sanitation,

---

[v. McDonnell], 418 U.S. [539 (1974)] at 564-566.  Plaintiff makes no representation that he was denied any of these procedural protections, except to state that he was denied a witness in the form of a handwriting expert.  Plaintiff's exhibits make it clear that he protested the finding of guilt at a prison disciplinary hearing.  See, e.g., ECF No. 17 at 8.  Due process did not require that plaintiff be provided an independent handwriting expert at his disciplinary hearing.

[3] The court noted in pertinent part, ECF No. 19 at 4:

> "Placement in administrative segregation, in and of itself, does not implicate a protected liberty interest." Keel v. Dovey, 459 F. Supp. 2d 946, 953 (C.D. Cal. 2006) (citing, e.g., Sandin v. Conner, 515 U.S. 472, 486 (1995)).  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484.

[4] The court noted, ECF No. 19 at 5:

> The Eighth Amendment prohibits cruel and unusual punishment of those criminally convicted. U.S. Const, Amendment VIII. To demonstrate that defendant Spencer violated his Eighth Amendment rights, plaintiff must first "make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation.  Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'" Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  "'Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Somers v. Thurman, 109 F.3d 614, 623 (9th Cir. 1997) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992) (omitting internal quotations and citations)).

4

1  medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

2  There is no constitutional right to be housed in a particular prison or in a particular location

3  within a prison. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

4      Plaintiff's original documents indicate that he is diagnosed with a mental illness. See ECF

5  No. 1 at 21-2 (indicating that plaintiff was designated a "MHSDS participant at the EOP LOC,"

6  and "CCCMS").[5] While certain restrictions apply in housing mentally ill prisoners in segregated

7  housing, see e.g., Coleman v. Brown, 28 F. Supp. 3d 1068, 1109 (E.D. Cal. 2014),[6] the

8  documents provided by plaintiff indicate that appropriate precautions were observed in deciding

9  to place and retain plaintiff in ad seg. See ECF No. 1 at 21-22. Even assuming that plaintiff's

10 mental illness renders him a member of the Coleman class, he cannot maintain an individual

---

[5] "MHSDS" references CDCR's Mental Health Services Delivery System. "LOC" references level of care. "The Correctional Clinical Case Management System (CCCMS) provides mental health services to seriously mentally ill inmates with 'stable functioning in the general population, Administrative Segregation Unit (ASU) or Security Housing Unit (SHU)' whose mental health symptoms are under control or in 'partial remission as a result of treatment.'" Coleman v. Brown, 28 F. Supp. 3d 1068, 1074 (E.D. Cal. 2014) (citations omitted). "CCCMS is the lowest level of care in the State's prison mental health delivery system, and is designed to provide a level of care equivalent to that received by non-incarcerated patients through outpatient psychiatric treatment." Lemire v. CDCR, 726 F.3d 1062, 1069 (9th Cir. 2013). "The Enhanced Outpatient Program (EOP) is for inmates with 'acute onset or significant decompensation of a serious mental disorder.' EOP programs are located in designated living units at 'hub institutions.'" Coleman, 28 F. Supp. 3d at 1075 (citations and some internal punctuation omitted).

[6] The District Judge in Coleman recently held in pertinent part:

> Defendants are prohibited from housing any class member at any SHU [Segregated Housing Unit] in California unless that class member's treating clinician certifies that (1) the behavior leading to the SHU assignment was not the product of mental illness and the inmate's mental illness did not preclude the inmate from conforming his or her conduct to the relevant institutional requirements; (2) the inmate's mental illness can be safely and adequately managed in the SHU to which the inmate will be assigned for the entire length of the SHU term; and (3) the inmate does not face a substantial risk of exacerbation of his or her mental illness or decompensation as a result of confinement in a SHU. In addition, defendants are prohibited from returning any seriously mentally ill inmate to any SHU unit if said inmate has at any time following placement in a SHU required a higher level of mental health care.

Coleman v. Brown, 28 F. Supp. 3d at 1109.

action for injunctive or declaratory relief, but must pursue his equitable claims as a member of the class. See e.g., Dominguez v. Department of Mental Health, 2012 WL 4468441, *6 (E.D. Cal. 2012) (collecting cases). Moreover, as the court previously noted, plaintiff's original request for injunctive relief became moot upon his transfer from CMF. See ECF No. 19 at 3.

Finally, as previously noted by the court, plaintiff is foreclosed from seeking money damages for harm caused by his allegedly unconstitutional RVR finding and resulting ad seg placement. See Heck v. Humphrey, 512 U.S. 477 (1994); Edwards v. Balisok, 520 U.S. 641 (1997). In light of the apparently permanent decrease in plaintiff's credit earnings, see ECF No. 1 at 11-2, the favorable termination rule applies. See Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

For these several reasons – set forth in detail in the court's last screening order – and based on the negligible allegations of the SAC – the court finds that further amendment of the pleading would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice; and
2. The Clerk of Court is directed to close this case.

DATED: May 5, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6